**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re: Case No. 26-40681

Jenna Dara Vissell,

Debtor. Chapter 7

---

**ORDER: (1) DENYING EXPEDITED RELIEF; (2) DENYING THE MOTION TO REOPEN THE CASE; AND (3) DENYING THE MOTION TO TAKE ANY ACTION ON THE MARCH 3RD STATE COURT ORDER**

---

On August 24, 2025, the Debtor moved to reopen this bankruptcy case under 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010. On that same date, the Debtor filed a separate emergency motion for determination and relief regarding an alleged violation of the automatic stay that occurred by entry of a state court order on March 3, 2026.

The Debtor requested expedited relief because of a mortgage foreclosure scheduled on the subject property on August 31, 2026. The Court promptly set a hearing for August 28, 2026. On August 27, creditor Vivien Schotz responded to the motions effectively asserting the need for a more definite statement from the Debtor as she could not determine if she was the target of the relief sought.

On August 28, 2026, the Court held a hearing on the motions with Debtor and counsel for Schotz and Cross Country Mortgage, LLC appearing. The Court denied the motions for reasons stated on the record and in this order.

## Factual Background

The Debtor filed bankruptcy under chapter 7 on March 2, 2026. The Debtor scheduled a one-half ownership interest in real property located at 928 Franklin Terrace, Minneapolis, MN 55406 (the "Property"), subject to a mortgage held by Cross Country Mortgage, LLC ("CCM"). See Doc. No. 11, at Sch. A/B and D.

The Debtor received a discharge on June 1, 2026. CCM filed a motion for stay relief to exercise its remedies on its mortgage against the Property on June 8, 2026. The Debtor did not oppose the motion, and the Court terminated the stay on the Property in favor of CCM on June 25, 2026. The Clerk of Court closed the case on July 10, 2026.

CCM has scheduled a non-judicial foreclosure sale on the Property for August 31, 2026. The motion includes a letter from CCM's attorneys at Trott Law dated July 10, 2026, enclosing the notice of sale and related documents. The notice of sale indicates that redemption will expire on March 1, 2027.

The motion does not specify any action by CCM that conceivably violated the automatic stay. The motion instead discusses in detail state court litigation between the Debtor and Schotz pending in Hennepin County District Court as Case No. 27-CV-24-13515 involving the Property. It appears that CCM is a nominal party in the State Court Case as an interest holder in the Property.

The Debtor included with the motion an Order by the state court entered on March 3, 2026, i.e., one day after the Debtor filed for bankruptcy. The Debtor contends that entry of this Order violated the automatic stay and is the basis for the relief sought in this motion.

The Order details that Schotz is the co-owner of the Property, and that Schotz had filed the state court case on September 11, 2024, to seek a partition sale of the Property and other related relief. The Order states that the parties reached a mediated settlement on December 19, 2024, filed with the Court on January 7, 2025, which apparently required the parties to work cooperatively towards selling the Property. On April 25, 2025, the parties selected a realtor, who listed the Property for sale on June 18, 2025.

The Order further details that the parties discontinued working cooperatively primarily over a dispute as to the sale price. Vissell further discontinued making utility and mortgage payments, and the parties received first notification of the mortgage default on November 5, 2025. On November 20, 2025, Schotz moved to enforce the terms of the settlement and requested sole authority over the sale process. According to the Order, the state court heard the matter on December 15, 2025.

In the March 3rd Order granting relief, the state court found that Vissell had violated her duty to provide the realtor access to the Property and therefore ordered Vissell to provide access. That is the only remedy imposed against Vissell under the March 3rd Order.

On the other hand, the state court found that Vissell had not defaulted on the settlement in refusing to lower the price – the settlement did not mandate that either party could force a price adjustment. The state court found that Vissell violated her obligation to "timely pay all mortgage payments…on the Property until close on the sale of the Property" but held that the settlement agreement remedies this default by requiring repayment of these amounts from her share of any closing proceedings. Finally, the Court did not grant Schotz sole control over the sale process – undoubtedly defeating her main objective for bringing the motion to enforce.

The March 3rd Order makes no reference to CCM or any conduct by CCM.

On July 22, 2026, counsel for Schotz e-mailed Vissell indicated that the pending foreclosure sale necessitated a prompt resolution of their dispute over selling the Property. Counsel threatened that Schotz would pursue damages against Vissell for any loss of equity in the Property suffered by Schotz if CCM completed the foreclosure.[1]

---

[1] The Debtor appears to reference that this communication in some way violated the discharge injunction of § 524, perhaps in threatening to collect on a claim that the Debtor believes is subject to the bankruptcy discharge. The Debtor, however, specifically indicates that she only intends to "preserve [her] rights under 11 U.S.C. § 524 and applicable state law if such

Vissell references a hearing scheduled in the state court for August 20, 2026. The record references additional proceedings in state court that occurred between the parties after Vissell's discharge and closing of the bankruptcy case, but the Debtor has not presented any of those further filings with her motion. She further states that she wishes to further challenge the prior findings that she violated the settlement and argues that Schotz instead committed numerous violations of the settlement. The record does not adequately explain the current status of the state court case. Nor does the Debtor explain how she suffered any actual damages from the March 3rd Order.

1. **The Court Finds that Expedited Relief is not Necessary.**

The Debtor (Vissell) seeks expedited relief to reopen her case and make further determinations and declare the March 3rd Order void in violation of the stay. Under Local Rules, motions generally require 14-days' notice. Local Rule 9006-1(a). Local Rule 9006-1(d) provides that the Court can grant expedited relief if "necessary and authorized by Federal Rule of Bankruptcy Procedure 9006(c)." Rule 9006(c) simply provides that the Court may for "cause" reduce the time to act, subject to specific actions that are not implicated by this motion.

The clearest articulation of why the Debtor seeks expedited relief is set forth on pages 6-7 of the motion to reopen, as follows:

> The sheriff's sale is scheduled for August 31 at 10:00 a.m. The sale date arose while an August 20 state-court hearing was still scheduled, and Debtor was preparing to use that hearing to present a fuller evidentiary record before any sale occurred. Debtor filed emergency preservation papers on August 6; Plaintiff later withdrew the motion underlying the August 20 setting; the hearing was cancelled; and the state court denied emergency TRO/injunction relief on August 17. A bankruptcy ruling after the sale would not provide the same practical value as a ruling while state appellate and preservation remedies can still be pursued.

The Court finds this explanation vague, non-specific and not justifying expedited relief. At the hearing, the Debtor could not further explain how her litigation posture with Schotz will change after CCM's foreclosure sale on August 31, 2026.

2. **The Request to Reopen the Case and Any Related Relief is Denied.**

A bankruptcy case may be reopened for cause under Fed. R. Bankr. P. 5010 and 11 U.S.C. § 350(b). The Code provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "A motion to reopen a bankruptcy case should be granted only where there is a compelling reason." In re Johnson, 500 B.R. 594, 597 (Bankr. D. Minn. 2013). The Debtor has the burden of showing cause sufficient to reopen her case. Id.

"Although the decision to reopen a case is within the court's discretion, a bankruptcy court should not reopen a case when doing so would be a 'pointless exercise.'" In re Uzcanga-

---

claims are later asserted or collected." Thus, the Court does not consider the motion as seeking to state a claim for relief under § 524.

Ramirez, No. 22-31705-PCM7, 2023 WL 3330106, at *1 (Bankr. D. Or. May 9, 2023), quoting In re Beezley, 994 F.2d 1433, 1434 (9th Cir. 1993).

Further, Courts have held that reopening cases is not necessary to initiate an adversary proceeding, such as claims arising under § 362(k). In re Stanwyck, 450 B.R. 181, 192-93 (Bank. C.D. Cal. 2011) (holding "[b]ecause this court has post-closing jurisdiction over any claim arising under § 362(k), the court rejects the Defendants' assertion that Stanwyck was required to reopen his prior bankruptcy cases to assert § 362(k) claims that may have accrued in one or more of those cases since 1992").

The Court finds that there is no compelling reason to reopen the bankruptcy case to address the state court's March 3rd Order. Even if there is a valid voidness argument under § 362(a)(1) as to the March 3rd Order, it appears that it merely applied the terms of the settlement agreement that pre-dated the automatic stay. The only relief granted in the order against the Debtor restated her duty to give a realtor access to the Property. In other words, it does not appear that the March 3rd Order imposed any legal obligations on the Debtor that did not previously exist. Rather, it appears that the Debtor largely prevailed in that motion in preventing Schotz from gaining new rights beyond the party's settlement.

Moreover, this Court believes that declaring the March 3rd Order as void would not require the state court to redo the settlement motion, which had been heard and under advisement nearly three months prior to the Debtor filing bankruptcy. Further, there has been subsequent litigation in the state court, that is not in the record. The Court cannot speculate as to what has recently transpired. The entire nature of the dispute appears fluid and ongoing. It appears best for this Court to refrain from interfering in any respect.

At the hearing on this motion, the Debtor emphasized that she lacked sufficient opportunity to present her case to the state court prior to the March 3rd Order. Thus, it appears her true grievances pre-date her bankruptcy case. Taking any action as to the March 3rd Order through reopening her bankruptcy case would appear to constitute a pointless exercise by this Court. It declines to do so based on the existing record. The Debtor has not met her burden to establish cause to reopen her case.

As noted, the Debtor referenced a possible claim under § 524 for Schotz's post-petition efforts to collect damages arising from a failure to sell the house prior to CCM gaining title after expiration of a redemption period. The Debtor, however, indicated that she merely wished to reserve her rights on this issue. Thus, it is not before the court.

IT IS ORDERED

1. Debtor's request for expedited relief is denied.
2. Debtor's motion to reopen Case No. 26-40681 is denied without prejudice.
3. The Debtor's motion for a determination of a stay violation is accordingly denied.
4. This order does not preclude the Debtor from filing a claim under 11 U.S.C. § 362(k) for damages or for violation of the discharge injunction under 11 U.S.C. § 524, subject to her obligations under Fed. Bankr. R. P. 9011 to: (1) assert allegations that

have evidentiary support or will likely have evidentiary support after opportunity for further investigation; (2) make claims that have a basis in law; and (3) not present claims for the sole reason to harass or delay the opposing party.

5. This Order has no effect on the foreclosure sale by Cross Country Mortgage, LLC, scheduled for August 31, 2026.

Dated: *August 28, 2026*

s/ Mychal A. Bruggeman
Mychal A. Bruggeman
United States Bankruptcy Judge