UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Jenna Dara Vissell,

Debtor.

Case No. 26-40681 MAB

Chapter 7

RECEIVED
SEP 1 1 2026
TIME: 4:10
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

# DEBTOR'S NOTICE OF HEARING AND MOTION UNDER RULES 9023 AND 7052 TO ALTER OR AMEND AUGUST 28, 2026 ORDER, AMEND OR ADD FINDINGS, RECONSIDER DENIAL OF REOPENING.

TO: Vivien Schotz through counsel Chad A. Kelsch; CrossCountry Mortgage, LLC through counsel of record; the Chapter 7 Trustee; the United States Trustee; John D. Lamey III as counsel shown on the bankruptcy docket; and all other entities entitled to notice or service under the Bankruptcy Rules and Local Rules.

**HEARING:** September 30, 2026 at 10:30 a.m., Courtroom 2B, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, with appearance also available by WebEx as provided by the Court.

**RESPONSE DEADLINE:** September 23, 2026.

Jenna Dara Vissell ("I" or "Debtor"), appearing pro se, moves under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) to alter or amend the Court's August 28, 2026 Order (Doc. 30), and under Federal Rules of Bankruptcy Procedure 7052 and 9014(c) and Federal Rule of Civil Procedure 52(b) to amend or add findings.

## INTRODUCTION

This motion seeks correction of the August 28 Order because it was entered on an incomplete and asymmetrically developed record. I am not asking this Court to retry the entire Hennepin County property case or to treat the disputed and incomplete findings and accusations from that case as established facts in deciding federal bankruptcy issues. I am asking the Court to decide the bankruptcy issues actually before it on an accurate record, including the March 3 post-petition order and automatic-stay issue, the concrete and continuing harm flowing from that order and its later use, the unresolved status and conduct of my bankruptcy counsel, and the newly discovered Honda/reaffirmation record.

My factual position and supporting documentary evidence have not been meaningfully heard in either the state-court proceedings underlying these issues or at the August 28 bankruptcy hearing. One day before that hearing, Doc. 27 introduced sweeping disputed accusations concerning my motives, finances, rental income, mortgage default, negotiations, and responsibility for foreclosure. At the initial hearing, I was not permitted to present the documentary record necessary to rebut those accusations or fully develop the automatic-stay, actual-harm, counsel, and reaffirmation issues. The August 28 Order then relied in part on that undeveloped record and on what I supposedly had not explained.

I am not seeking delay or using bankruptcy to buy time. I am asking this Court to review the evidence, address specific bankruptcy violations and consequences that have never been decided on a complete record, correct materially inaccurate findings, and determine the relief that follows. If the Court concludes that a genuinely disputed material fact cannot be resolved from the documentary record submitted with this motion, I ask that the Court then establish the evidentiary documentation supporting this and the procedure necessary to resolve that

issue rather than again treating the absence of evidence from an initial non-evidentiary hearing as a failure of proof by me.

## RELIEF REQUESTED

1. Alter or amend Doc. 30 to withdraw or correct materially inaccurate findings that Debtor failed to explain actual harm, could not explain the significance of foreclosure, and was principally pursuing grievances that merely predated bankruptcy.
2. Amend or add findings recognizing that the March 3, 2026 state-court order was a substantive post-petition judicial act in a prepetition proceeding and therefore presents a substantial question under 11 U.S.C. § 362(a)(1) and In re Vierkant, 240 B.R. 317 (B.A.P. 8th Cir. 1999).
3. Reconsider the conclusion that reopening or a stay determination would be a pointless exercise, because the March 3 order created and preserved adverse findings that have been repeatedly used as predicates for later enforcement, foreclosure pressure, reputational harm, and denial of relief.
4. Recognize that Doc. 27 introduced sweeping disputed factual accusations concerning Debtor's finances, motives, rental income, mortgage default, negotiations, and responsibility for foreclosure, while the supporting Kelsch affidavit authenticated documents but did not itself establish those sweeping factual assertions by personal knowledge.
5. Recognize that the August 28 hearing was an initial motion hearing at which Local Rule 9017-1 did not permit evidence, while material factual disputes nevertheless became central to the ruling, putting the Debtor at a significant disadvantage that could not have been prepared for; and therefore disputed factual assertions made during that hearing should not be treated as established facts, nor should the absence of evidence from that hearing be treated as a failure of proof by Debtor.
6. Review the documentary evidence submitted with this motion and permit supplementation of the record, as necessary, with the identified contemporaneous evidence concerning actual harm, state-court causation, mortgage access, rental-income interference, sale and negotiation efforts, counsel-of-record status, reaffirmation, and post-hearing vehicle developments.
7. Address the unresolved counsel-of-record issue under Local Rule 9010-1(e)(4) and the Chapter 7 Notice of Responsibilities, including the harmful effect of counsel's nonappearance and refusal to assist while remaining counsel of record.
8. Reopening under 11 U.S.C. § 350(b) and Rule 5010 to accord relief to Debtor and/or establish the correct procedural path for adjudicating the March 3 stay issue, related § 362(k) rights, counsel-status issues, and preservation of bankruptcy-related evidence.
9. Clarify that Doc. 30 did not adjudicate the merits of the Honda/Fifth Third/NBS reaffirmation record, attorney-malpractice issues, or the full disputed state-law causation record.
10. Because the Honda remains at imminent risk of irreversible disposition, assess whether direct preservation relief must be pursued by adversary complaint under Rule 7001(g) and Rule 7065 or another procedure; Debtor requests that the Court not treat the absence of such relief in Doc. 30 as an adjudication that no bankruptcy-related vehicle injury exists.
11. If the Court again declines to allow Debtor to develop and present the identified evidence, enter an express written ruling stating the procedural and legal basis for that refusal rather than again treating the absence of evidence from an initial non-evidentiary hearing to act as as Debtor's failure to explain or prove her harm; additionally not allowing escalating, unfounded, and emotionally driven narratives from opposing parties that can benefit financially from keeping Debtor’s evidence from the record.
12. Preserve all appellate rights under Rule 8002 and all rights not expressly adjudicated.

**Dated: September 11, 2026**

/s/ Jenna Dara Vissell

Jenna Dara Vissell, Debtor, pro se

928 Franklin Terrace

Minneapolis, MN 55406

612.382.0103

jvissell@gmail.com